UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

BOBBY WELLS,

                Plaintiff,

    v.

SCOTT FRAKES, *et al*.,

                Defendants.

Case No.   C13-1675-JCC-MAT

REPORT AND RECOMMENDATION

## INTRODUCTION AND SUMMARY CONCLUSION

This is a civil rights action proceeding under 42 U.S.C. § 1983.  Plaintiff Bobby Wells alleges in his complaint that his rights under the First, Thirteenth, and Fourteenth Amendments were violated when he was forced to work in the Correctional Industries Mattress Recycle Warehouse under hazardous condition and was subjected to disciplinary action for objecting to the work assignment.  Plaintiff identifies the following defendants in this action:  Scott Frakes, Superintendent at the Monroe Correctional Complex ("MCC") at times relevant to this action; Dan Bustanoby, Assistant Superintendent at MCC; and, Keith Gaugler, Classification Counselor at MCC.  Plaintiff seeks damages in the amount of $50,000.

REPORT AND RECOMMENDATION
PAGE - 1

Defendants have filed a motion seeking dismissal of plaintiff's complaint for failure of plaintiff to properly exhaust his administrative remedies. Plaintiff has been advised of the requirements for opposing such a motion but has filed no response to defendants' motion. The Court, having reviewed defendants' motion to dismiss, and the balance of the record, concludes that defendants' motion should be granted, and that plaintiff's complaint and this action should be dismissed with prejudice.

BACKGROUND

The claims asserted by plaintiff in this action arose between July 2011 and October 2011 while plaintiff was in the custody of the Washington Department of Corrections ("DOC") at the Monroe Correctional Complex ("MCC"). (*See* Dkt. 17, Ex. 2 at 2.) During that period of time, plaintiff worked at the Correctional Industries Mattress Recycle Warehouse ("MRW") at MCC and was assigned to classification counselor, defendant Keith Gaugler. (*Id*.) Plaintiff objected to his work assignment at the MRW, apparently because of what he believed to be hazardous working conditions. (*See* Dkt. 8 at 3.) Plaintiff maintains that defendant Gaugler attempted to have disciplinary action taken against him for objecting to his work assignment. (*Id*.) Plaintiff also claims that defendant Frakes and defendant Bustanoby failed to respond to his objections regarding "the involuntary servitude forced upon me by my prison classification counselor." (*Id*.)

Plaintiff was released from confinement on November 21, 2011. (Dkt. 17, Ex. 1, Attach. A at 4.) Plaintiff was readmitted to the DOC on October 30, 2012 for another offense, but was confined at locations other than MCC. (*Id*., Attach. A at 3-4.) Plaintiff was transferred to Reynolds Work Release on October 16, 2013 where he continues to reside at this

01  time.  (Dkt. 17, Attach. A at 2.)

02                                      DISCUSSION

03      Defendants argue in their pending motion to dismiss that this action should be dismissed
04  because plaintiff failed to properly exhaust all available administrative remedies with respect to
05  the claims asserted in his complaint before filing this action.  (Dkt. No. 17.)  The record
06  supports this argument.

07      Section 1997e(a) of Title 42 of the United States Code provides that "[n]o action shall
08  be brought with respect to prison conditions under section 1983 of this title, or any other
09  Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such
10  administrative remedies as are available are exhausted."  Section 1997e(a) requires *complete*
11  exhaustion through any available process.  *See Porter v. Nussle* 534 U.S. 516, 524 (2002) ("All
12  'available' remedies must now be exhausted."); *Booth v. Churner*, 532 U.S. 731, 735 (2001).
13  Section 1997e(a) also requires *proper* exhaustion.  *Woodford v. Ngo*, 548 U.S. 81, 93 (2006).
14  "Proper" exhaustion means full compliance by a prisoner with all procedural requirements of
15  an institution's grievance process.  *See id*. at 93-95.

16      If administrative remedies have not been exhausted at the time an action is brought, it
17  must be dismissed without prejudice.  *See McKinney v. Carey*, 311 F.3d 1198, 1199 (9th Cir.
18  2002)(per curiam).  "In deciding a motion to dismiss for a failure to exhaust nonjudicial
19  remedies, the court may look beyond the pleadings and decide disputed issues of fact.  If the
20  district court concludes that the prisoner has not exhausted nonjudicial remedies, the proper
21  remedy is dismissal of the claim without prejudice."  *Wyatt v. Terhune*, 315 F.3d 1108, 1119
22  (9th Cir. 2003)(citations and footnote omitted).

The Washington DOC has established an Offender Grievance Program ("OGP") through which offenders may seek review of various aspects of their incarceration. (*See* Dkt. 17, Ex. 3 at 2.) More specifically, the OPG permits an offender to grieve: 1) DOC policies, rules, and procedures; 2) the application or lack of application of such policies, rules, and procedures; 3) the lack of policies, rules, or procedures that directly affect the living conditions of the offender; 4) the actions of staff and volunteers; 5) the actions of other offenders; 6) retaliation against the offender for his good faith participation in the grievance program; 7) personal safety; and 8) physical plant conditions. (*See id*., Ex. 3, Attach. B at 11.) Issues which an offender may not grieve include: 1) state and federal law; 2) court decisions; 3) Indeterminate Sentence Review Board decisions; 4) classification or disciplinary decisions; and 5) any DOC approved procedure that has a formal appeal process. (*Id*., Ex. 3, Attach. B at 12-13.)

The grievance procedure has four levels of review. (*Id*., Ex. 3 at 2-3.) The initial level, Level 0, is the complaint or informal level. (*Id*.) At this level, the grievance coordinator receives a written complaint from an offender which identifies an issue with respect to which the offender wishes to pursue a formal grievance. (*Id*.) The grievance coordinator either pursues informal resolution, returns the complaint to the offender for rewriting or for additional information, or accepts the complaint and processes it as a formal grievance. (*Id*.)

At the first step of the formal grievance process, Level I, an offender's grievance is reviewed, and responded to, by the institution's grievance coordinator. (*See id*., Ex. 3 at 3.) An offender who is dissatisfied with the response received from the grievance coordinator may appeal that decision to the superintendent of the institution. (*See id*.) This is known as Level

II. (*Id.*) All staff conduct grievances are initiated at this level. (*Id.*) An offender who is dissatisfied with the response received from the superintendent may appeal that decision to DOC headquarters where the grievances are re-investigated. (Dkt. 17, Ex. 3 at 3.) This is known as Level III.

The OGP requires that grievances be filed within 20 working days of the incident that gives rise to the grievance. (*Id.*) In addition, grievances must be filed at the facility where the incident giving rise to the grievance occurred. (*Id.*, Ex. 3 at 4.)

Plaintiff claims that his federal constitutional rights were violated when he was compelled to work at MRW under hazardous conditions and defendants failed to respond to his objections regarding this work assignment. Work assignments are a part of the DOC offender classification system and are non-grievable under the OGP as there is a separate appeals process for such issues. (*Id.*, Ex. 3 at 4.) However, issues pertaining to staff conduct and potentially hazardous working conditions are grievable issues under the OGP. (*Id.*)

The evidence presented by defendants in support of their motion to dismiss establishes that plaintiff filed a total of 11 grievances related to his work at the MRW, or to staff responses to those grievances, but that plaintiff never completed the OGP process with respect to any of those grievances. (*See id.*, Ex. 3 at 4-7.) The evidence presented by defendants also establishes that plaintiff never filed an appeal of his classification and job placement as permitted under DOC Policy 300.380, § X. (*See id.*, Ex. 2 at 2.) Plaintiff offers no evidence of his own to rebut that presented by defendants. Because plaintiff failed to exhaust the administrative remedies available to him under the OGP and the DOC classification system with respect to the claims asserted in this civil rights action, those claims must be dismissed.

REPORT AND RECOMMENDATION
PAGE - 5

And, because the time for filing any grievances pertaining to plaintiff's work at the MRW in 2011 has long since expired, the dismissal should be with prejudice.

## CONCLUSION

For the foregoing reasons, this Court recommends that defendants' motion to dismiss be granted and that plaintiff's complaint, and this action, be dismissed with prejudice. A proposed order accompanies this Report and Recommendation.

DATED this 11th day of February, 2014.

*[signature]*

Mary Alice Theiler
Chief United States Magistrate Judge